UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-cr-60171-SMITH

UNITED STATES OF AMERICA

v.

CINDI ELLIS DENTON,

       Defendant.

## PRELIMINARY ORDER OF FORFEITURE

THIS MATTER is before the Court upon motion of the United States of America (the "United States") for entry of a Preliminary Order of Forfeiture ("Motion") against Defendant Cindi Ellis Denton (the "Defendant"). The Court has considered the Motion, is otherwise advised in the premises, and finds as follows:

On June 21, 2021, the United States filed an Information charging the Defendant with conspiracy to commit wire fraud in violation of 18 U.S.C. § 371. Information, ECF No. 20. The Information also contained forfeiture allegations, which alleged that upon conviction of a violation of 18 U.S.C. § 371, the Defendant shall forfeit any proceeds the defendant obtained, directly or indirectly, as the result of such violation pursuant to 18 U.S.C. § 982(a)(2)(A). *See id.* at 6.

On July 22, 2021, the Court accepted the Defendant's guilty plea to the Information. *See* Minute Entry, ECF No. 31; Plea Agreement ¶ 1, ECF No. 33. As part of the guilty plea, the Defendant agreed to the entry forfeiture money judgment in the amount of $491,310.00[1] against

---

[1] As discussed further below, the United States subsequently confirmed that the victim financial institution was able to recover $113,507.88. Therefore, the United States seeks a forfeiture money judgment in the amount of $377,802.12.

her. Plea Agreement ¶¶ 13.

In support of the guilty plea, the Defendant executed a Factual Proffer, and the Court found that there was a factual basis to support the Defendant's conviction. *See* Factual Proffer, ECF No. 34. The Factual Proffer also provided a basis for the forfeiture of property. *See id.* at 2.

As described in the Defendant's Factual Proffer, from in or around June 2020, though in or around at least September 2020, the Defendant knowingly and willfully conspired with Individual 1, Individual 2, and others to submit and cause the submission of millions of dollars' worth of fraudulent Paycheck Protection Program ("PPP") loans. Factual Proffer at 1, ECF No. 34. The Defendant caused the submission of a PPP loan on behalf of her company, Emerald Jade Solutions, Inc. ("Emerald Jade"), that the Defendant knew contained materially false information. *Id.* at 2. As a result of the knowingly and willfully false representations made by the Defendant and her coconspirators in the loan documents, Bank Processor 1 approved the Emerald Jade loan, which Bank 1 funded by making an electronic wire transfer in the amount of $491,310.00 to the Emerald Jade bank account on June 3, 2020. *Id.*

The United States subsequently learned that in November 2020, the financial institution holding the Emerald Jade bank account closed the Emerald Jade bank account and returned the remaining balance of $113,507.88 to Bank 1.

Based on the record in this case, the total value of the proceeds traceable to the offense of conviction is $377,802.12, which sum may be sought as a forfeiture money judgment pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

Accordingly, based on the foregoing, the evidence in the record, and for good cause shown, the Motion is **GRANTED**, and it is hereby **ORDERED** that:

1.  Pursuant to 18 U.S.C. § 982(a)(2)(A) and Rule 32.2 of the Federal Rules of

Criminal Procedure, a forfeiture money judgment in the amount of $377,802.12 is hereby entered against the Defendant.

    2.    The United States is authorized to conduct any discovery that might be necessary to identify, locate, or dispose of forfeited property, and to resolve any third-party petition, pursuant to Rule 32.2(b)(3), (c)(1)(B) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m).

    3.    Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order is final as to the Defendant.

    4.    The Court shall retain jurisdiction in this matter for the purpose of enforcing this Order, and pursuant to Rule 32.2(e)(1) of the Federal Rules of Criminal Procedure, shall amend this Order, or enter other orders as necessary, to forfeit additional specific property when identified.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this __8th__ day of __October,__ 2021.

_____
RODNEY SMITH
UNITED STATES DISTRICT JUDGE